UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JAMES AKIN,

           Defendant.

---

08-CR-613 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On February 10, 2009, James Akin pled guilty to a single-count indictment which charged that between March 2008 and August 2008, the defendant, an individual required to register under the Sex Offender Registration and Notification Act, traveled interstate and failed to register and update his registration as required by the Act, in violation of 18 U.S.C. § 2250. He had been in custody since August 22, 2008.

Akin was sentenced on May 12, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be thirteen and defendant's criminal history category to be three, yielding a guidelines range of imprisonment of between eighteen and twenty-four months. The court determined that the Presentence Report's criminal history category of four overstated the defendant's actual criminal background. The offense carried a maximum term of imprisonment of ten years. See 18 U.S.C. § 2250. The guidelines range of fine was from $3,000 to $30,000.

Akin was sentenced to time served and five years supervised release. Although the plea agreement stated that the defendant would face up to three years supervised release, he stated at the sentencing hearing that he would waive his right to appeal with respect to the term of supervised release imposed. The court made no finding as to whether the period of federal supervision is to run concurrently or consecutively with any state-imposed supervision. A $100

2

special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant was homeless for the period of time during which he failed to comply with the reporting requirements of the Sex Offender Registration and Notification Act. While this does not excuse the instant violation, his transient status, which made circumstances difficult, partially explain it. Akin expressed his desire to find work in the local area and lead a productive, law-abiding life. The government emphasized the importance of the defendant's compliance with the terms of supervision; he stated his willingness to comply with all conditions of supervision. A sentence of time served reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will make clear that violations of the Sex Offender Registration and Notification Act will result in substantial consequences. Specific deterrence is of critical importance with respect to this defendant and will be achieved through appropriate terms of supervision.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: June 15, 2009
　　　　Brooklyn, New York